NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| QIANA WINN, individually and as Successor in Interest to the Estate of Michael Winn, <br><br>        Plaintiff-Appellee, <br><br>  v. <br><br> CALIFORNIA POST ACUTE, LLC, DBA California Post Acute, <br><br>        Defendant-Appellant, <br><br>  and <br><br> DOES, 1-50, <br><br>        Defendant. | No. 21-55468 <br><br> D.C. No. 2:21-cv-02854-PA-MAR <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted June 20, 2023**

Before: WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

California Post Acute, LLC ("Post Acute") appeals from the district court's order remanding this case to state court for lack of federal subject matter jurisdiction. Post Acute argues that the district court had three independent grounds for such jurisdiction: federal officer removal, complete preemption, and the presence of an embedded federal question. In the alternative, Post Acute argues that it should have been allowed jurisdictional discovery.

I

The district court did not have federal subject matter jurisdiction under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), because Post Acute's actions were not "taken pursuant to a federal officer's directions." *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 684 (9th Cir. 2022) (cleaned up). While Post Acute has demonstrated that, like the defendants in *Saldana*, it was subject to federal laws and regulations throughout the COVID-19 pandemic, "simply complying with a law or regulation is not enough to bring a private person within the scope of the [federal officer removal] statute." *Id.* (cleaned up). Similarly, recommendations, advice, and encouragement from federal entities do not amount to the type of control required for removal under the statute. *See id.* at 685.

II

The district court did not have federal subject matter jurisdiction under the doctrine of complete preemption because the Public Readiness and Emergency

2

Preparedness (PREP) Act, 42 U.S.C. §§ 247d-6d, 247d-6e, is not a complete preemption statute—that is, it is not one of those "rare" statutes "where a federal statutory scheme is so comprehensive that it entirely supplants state law causes of action." *Saldana*, 27 F.4th at 686 (cleaned up). While the PREP Act may preempt some state-law claims, any such conflict preemption would be an affirmative defense, and would not create federal subject matter jurisdiction. *See id.* at 688.

III

The district court did not have embedded federal question jurisdiction because the state-law causes of action in the complaint do not "necessarily" raise "substantial" federal issues that are "actually disputed" and "capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 688 (cleaned up). Although a federal defense may be available under the PREP Act, "a federal defense is not a sufficient basis to find embedded federal question jurisdiction." *Id.*

IV

The district court did not abuse its discretion by not providing for jurisdictional discovery. Jurisdictional discovery is appropriate only "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 507 (9th Cir. 2023) (cleaned up). Here, the parties dispute no facts

about the extent of federal regulation of health care providers during the COVID-19 pandemic, but only the legal significance of that regulation, which *Saldana* resolved.

V

In short, all of Post Acute's challenges are controlled by *Saldana*. Post Acute argues that *Saldana* was wrongly decided, but cites no "clearly irreconcilable" intervening authority permitting us to overrule it. *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). Accordingly, we apply *Saldana*.

**AFFIRMED.**[1]

---

[1] Appellees' Motion for Summary Affirmance, Dkt. 37, is **DENIED AS MOOT.**